# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) 2:15-CR-086-APG-(NJK)<br>) |
| BRIAN AYER, | )<br>) |
| Defendant. | ) |

**SETTLEMENT AGREEMENT AS TO BRIAN AYER MODIFYING THE PLEA AGREEMENT AND AMENDED PRELIMINARY ORDER OF FORFEITURE**

The United States and BRIAN AYER and his counsel, Heidi A. Ojeda, agree as follows:

BRIAN AYER pled guilty to Count One of a One-Count Criminal Information charging him with Possession of Child Pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B). Criminal Information, ECF No. 32; Change of Plea, ECF No. 30; Plea Agreement, ECF No. 34.

The Court entered the Preliminary Order of Forfeiture as to defendant BRIAN AYER. Preliminary Order of Forfeiture, ECF No. 35.

The defendant knowingly and voluntarily:

A. Agrees to the District Court imposing the civil judicial forfeiture or the criminal forfeiture of:

///

        1. Apple Macbook Pro with power cord; and

        2. iPhone 5c (IMEI #3585330539888232)

(all of which constitutes "property");

    B.    Agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property;

    C.    Abandons or forfeits the property to the United States;

    D.    Relinquishes all right, title, and interest in the property;

    E.    Waives his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings of the property ("proceedings");

    F.    Waives service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case;

    G.    Waives any further notice to him, his agents, or his attorney regarding the abandonment or the forfeiture and disposition of the property;

    H.    Agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property;

    I.    Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, all constitutional requirements, including but not limited to, the constitutional due process requirements of any proceedings concerning the property;

    J.    Waives his right to a jury trial on the forfeiture of the property;

    K.    Waives all constitutional, legal, and equitable defenses to the forfeiture or abandonment of the property in any proceedings, including but not limited to (1) constitutional or statutory double jeopardy defenses and (2) defenses under the Excessive Fines or Cruel and Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution;

    L.    Waives the right to appeal any Order of Forfeiture;

///

     M.    Agrees to the entry of an Amended Preliminary Order of Forfeiture of the property to the United States;

     N.    Agrees the property is forfeited to the United States;

     O.    Agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to the abandonment or the forfeiture;

     P.    Acknowledges that the amount of the forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution; and

     Q.    Agrees to take all steps as requested by the United States to pass clear title of the property to the United States and to testify truthfully in any judicial forfeiture proceedings. The defendant understands and agrees that the property represents proceeds and/or facilitating property of illegal conduct and is forfeitable. The defendant acknowledges that failing to cooperate in full in the forfeiture of the property constitutes a breach of this Plea Agreement.

This Court finds defendant BRIAN AYER agreed to the forfeiture of the property set forth in this Settlement Agreement.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in this Settlement Agreement and the offense to which BRIAN AYER pled guilty.

The property is (1) any visual depiction described in Title 18, United States Code, Section 2252A(a)(5)(B), or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (2) any property, real or personal, used or intended to be used to commit or to promote the commission of a violation of Title 18, United States Code, Section 2252A(a)(5)(B) or any property traceable to such property, and are subject to forfeiture pursuant to Title 18, United States Code, Section 2253(a)(1) and (a)(3).

3

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all right, title, and interest of BRIAN AYER in the aforementioned property is forfeited and is vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code, Section 853(n)(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to Title 21, United States Code, Section 853(n)(3) and Title 28, United States Code, Section 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

///
///

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

>Michael A. Humphreys
>Assistant United States Attorney
>Daniel D. Hollingsworth
>Assistant United States Attorney
>Lloyd D. George United States Courthouse
>333 Las Vegas Boulevard South, Suite 5000
>Las Vegas, Nevada 89101.

Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

The Settlement Agreement contains the entire agreement between the parties.

Except as expressly stated in the Settlement Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Settlement Agreement.

The persons signing the Settlement Agreement warrant and represent that they have full authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Settlement Agreement.

This Settlement Agreement shall be construed and interpreted according to federal forfeiture law and federal common law.  The jurisdiction and the venue for any dispute related to, and/or arising from, this Settlement Agreement is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

Each party shall bear their or its own attorneys' fees, expenses, interest, and costs.

This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of

/ / /

the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: 7/1/2015

_____
HEIDI A. OJEDA
Counsel for BRIAN AYER

DATED: 07-01-2015

_____
BRIAN AYER

DATED: 7/6/2015

DANIEL G. BOGDEN
United States Attorney

_____
ALLISON HERR
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: July 15, 2015

6