UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>BRIAN AYER,<br><br>　　　　　　　　　Defendant. | Case No. 2:15-cr-86-APG-NJK<br><br>**ORDER REGARDING RESTITUTION** |

Defendant Brian Ayer was convicted of the crime of possession of child pornography. On behalf of a victim using the pseudonym "Sarah," the Government seeks restitution in the amount of $25,000 plus attorneys' fees of $1,500. Ayer opposes the request for restitution, as well as the amount sought by the Government.

Ayer possessed only one image of Sarah. He was not the original abuser of Sarah or the producer of the image. In support of its request, the Government submitted a letter from Sarah's attorney detailing her injuries, as well as the awards she has been able to obtain so far. (Dkt. #56-7.) The letter explains Sarah's embarrassment and anxiety from the repeated re-publication of the images, and the mental and physical toll this continues to take on her.

Restitution is mandatory for the full amount of Sarah's losses that were proximately caused by Ayer's offense. 18 U.S.C. § 2259(b). *United States v. Paroline*, ___ U.S. ___, 134 S.Ct. 1710, 1722 (2014). The Government has the burden of demonstrating the amount of the loss. *United States v. Galan*, 2015 WL 6736535, fn. 10 (9th. Cir. Nov. 4, 2015). The Ninth Circuit recently held that,

> in calculating the amount of restitution to be imposed upon a defendant who was convicted of distribution or possession of child pornography, the losses, including ongoing losses, caused by the original abuse of the victim should be disaggregated from the losses caused by the ongoing distribution and possession of images of that original abuse, to the extent possible.

*Galan*, 2015 WL 6736535, at *3.

In *Paroline*, the Supreme Court acknowledged that "it is neither necessary nor appropriate to prescribe a precise algorithm for determining the proper restitution amount" in these type cases. 134 S.Ct. at 1728. The Court suggested that district courts might start by determining "the amount of the victim's losses caused by the continuing traffic in the victim's images," and then consider the following factors "that bear on the relative causal significance of the defendant's conduct in producing those losses":

(1) "the number of past criminal defendants found to have contributed to the victim's general losses;"

(2) "reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses;"

(3) "any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted);"

(4) "whether the defendant reproduced or distributed images of the victim;"

(5) "whether the defendant had any connection to the initial production of the images;"

(6) "how many images of the victim the defendant possessed;" and

(7) "other facts relevant to the defendant's relative causal role."

*Id.*

In the present case, Sarah's lawyer calculates her damages to be $2,748,235.19, and she provides documents to support that amount. (Dkt. #56-7 at 9.) Based on the evidence contained in the letter from Sarah's lawyer, it appears that these losses are caused by the subsequent re-publication of the images, rather than by the original abuse and production of the images. (*Id.*) Thus, I start with that amount.

Sarah's lawyer states that 115 orders of restitution have been entered so far. (*Id.* at 3.)[1] She has received "fewer notices of offenders trafficking in her images." (*Id.*) Thus, it is unclear how

---

[1] This number apparently has increased significantly recently, from eight reported cases in July of this year. *See United States v. Randjelovich*, 2015 WL 4095655 at *4 (E.D. CA July 7, 2015).

many more offenders will be caught and convicted, and how many other offenders are involved.[2] Defendant Ayer possessed only one image of Sarah, he was not involved in the initial production of the images of Sarah, and there is no evidence that he reproduced or distributed any images of her (although the subject file on his computer where the image was found included a default setting allowing images to be shared).

While the *Paroline* factors offer some guidance, the practical application of those factors is extraordinarily difficult. Fortunately, discretion is afforded to district judges, and "[i]f the ultimate apportionment is not scientifically precise, we can only say that precision is neither expected nor required." *Galan*, 2015 WL 6736535, at *3. I have examined the awards rendered in other child pornography cases, including some which involved Sarah. *See, e.g., United States v. Randjelovich*, 2015 WL 4095655 at *4 (E.D. Cal. July 7, 2015). No doubt, Sarah is impacted by the re-distribution of her images, as she has to yet again be reminded of what happened to her and confront her fears and anxieties. Based on the *Paroline* factors, I award Sarah restitution for her general losses in the amount of $10,000.00.

The Government also requests that Sarah be awarded $1,500 in attorneys' fees. Sarah's lawyer, Carol Hepburn, charges $350.00 per hour for her services, which I find reasonable. Her expertise, quality of work, and results justify that rate. Her Declaration in support of this fee request is dated September 22, 2014 and does not specifically address the work she performed in connection with this case. However, it is apparent from Ms. Hepburn's letter that she has performed work on behalf of Sarah related to this case. An award of attorney fees in the amount of $750.00 is appropriate.

////

////

////

---

[2] I agree with other judges who find these two factors "incredibly speculative." *United States v. Austin*, 2015 WL 6736535 at *3 (D. Nev. Sept. 8, 2015); *United States v. Reynolds*, 2014 WL 4187936 (E.D. Mich. Aug. 22, 2014). Thus, these factors do not impact my calculation of the amount of the restitution award in this case.

**IT IS HEREBY ORDERED** that defendant Brian Ayer shall pay restitution to Sarah in the amount of $10,750.00, made payable to "Carol L. Hepburn in trust for Sarah."

Dated: November 17, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE